[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10671
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-00118-RSB-BWC


SHANESIA JAUDON,

                                                          Plaintiff-Appellant,


versus


ROBERT C. SASSER, in their individual
and official capacities as Officers of the
Glynn County Police Department,
MIKE THOMAS, in their individual and
official capacities as Officers of the Glynn
County Police Department,
TIMOTHY HOLLINGSWORTH, in their
individual and official capacities as Officers
of the Glynn County Police Department,
DETECTIVE MATTHEW J. DOERING, in his individual
and official capacity as Chief of the Glynn
County Police Department,
GLYNN COUNTY, GEORGIA,

                                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 28, 2020)

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Shanesia Jaudon appeals the district court's order granting summary judgment in favor of defendants on her 42 U.S.C. § 1983 claims for unreasonable search[1] and malicious prosecution.[2]  On appeal, Jaudon asserts that the district court erred in concluding that defendants are entitled to qualified immunity.  After careful review, we affirm.

**I**

The events giving rise to this appeal began when Glynn County Police officers arrived at Jaudon's home to execute an arrest warrant for Alton Brown

_____

[1] Although Jaudon's complaint doesn't include a separate cause of action for unreasonable search, it does allege that the search was unconstitutional.

[2] Jaudon initially filed her complaint against five defendants—Officers Robert Sasser, Mike Thomas, and Timothy Hollingsworth, Chief Matthew Doering, and Glynn County.  Her complaint also included state-law claims for intentional infliction of emotional distress and negligent hiring and retention, and federal and state-law claims for false arrest, false imprisonment, and "malicious arrest."  Because Jaudon only addresses her federal claims for unreasonable search and malicious prosecution against Sasser, Thomas, and Hollingsworth in her appellate briefing, the remaining claims have been abandoned.  *Martin v. Fin. Asset Mgmt. Sys., Inc.*, 959 F.3d 1048, 1051 n. 2 (11th Cir. 2020) (explaining that a claim is abandoned when a party fails to discuss it in her appellate brief).

(who is not a party to this lawsuit). Brown's car was parked nearby, the warrant listed Jaudon's address as Brown's residence, a "reliable confidential informant" told Officer Robert Sasser that Brown was hiding out in Jaudon's home, and a "concerned citizen" informed another officer that he saw Brown arrive at Jaudon's house. The officers requested permission to search Jaudon's residence—believing Brown to be hiding inside—but Jaudon refused, claiming that Brown wasn't inside and demanding that the officers produce a search warrant. The officers tried again the following day, and Jaudon again told them that Brown wasn't there and that they must produce a search warrant. They returned later that night with a warrant and, following a search of the property, found Brown hiding inside.

Multiple arrest warrants were subsequently issued for Jaudon in connection with the incident—two for hindering apprehension of a criminal, two for obstruction, and later, two for making a false statement to a law enforcement officer. The arrest warrants were executed, and Jaudon was indicted on criminal charges per the warrants. But the charges were ultimately disposed of via entry of *nolle prosequi* after Jaudon's motion to suppress the evidence obtained from the search was granted because the affidavit submitted in support of the search warrant was deemed "legally insufficient."

Jaudon filed this lawsuit, and the district court granted summary judgment in favor of defendants, concluding, as relevant here, that qualified immunity

protects them from Jaudon's unreasonable-search and malicious-prosecution claims.

On appeal, Jaudon asserts that the district court erred in granting qualified immunity to defendants because the officers failed to independently investigate or corroborate the information included in the affidavit used to support the search warrant—specifically, that the tip provided by the "reliable confidential informant" was trustworthy and that it was Brown (and not someone else) who had parked his car nearby—and therefore, that there was insufficient probable cause to support issuance of the warrant as required by the Fourth Amendment.[3]

## II

"Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007) (citation omitted). To receive the protection of qualified immunity, a defendant must first establish that he was acting within the scope of his discretionary authority. *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003). Here, there is

---

[3] "We review de novo a grant of summary judgment based on qualified immunity and apply the same legal standards as the district court. We resolve all issues of material fact in favor of the plaintiff, and then determine the legal question of whether the defendant is entitled to qualified immunity under that version of the facts." *Stephens v. DeGiovanni*, 852 F.3d 1298, 1313 (11th Cir. 2017) (internal quotation marks and citations omitted).

no dispute that the officers were acting within their discretionary authority in obtaining and executing the search and arrest warrants. Accordingly, the burden shifts to Jaudon to show that qualified immunity is not appropriate by demonstrating that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004).

Where, as here, the "alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). Only when "it is obvious that no reasonably competent officer would have concluded that a warrant should issue" will the "shield of immunity otherwise conferred by the warrant [] be lost, for example, where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 547 (internal quotation marks and citations omitted).

We agree with the district court that Jaudon failed to meet the high burden required to establish that "no reasonably competent officer would have concluded that a warrant should issue." *Id.* Even setting aside the tip from the informant, the affidavit indicated that the officers were searching for the subject of an active arrest warrant (Brown) at the address listed on the warrant (Jaudon's home). This

5

alone was likely sufficient to satisfy the Fourth Amendment. *See Steagald v. United States*, 451 U.S. 204, 221 (1981) ("[A]n arrest warrant alone will suffice to enter a suspect's own residence to effect his arrest."). Additionally, the affidavit stated that a "concerned citizen" (who had provided truthful information in the past) informed an officer that he saw Brown arrive at Jaudon's home and that Brown "frequents [Jaudon's] residence" and parks his car nearby. Finally, the affidavit referenced Brown's criminal history of obstructing law enforcement and the officers' observations of Jaudon's "evasive" behavior when they requested to search her home. In other words, the affidavit here was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Messerschmidt*, 565 U.S. at 547. So in short, based on the totality of the circumstances, we conclude that Jaudon failed to prove that a Fourth Amendment violation occurred.

Furthermore, because Jaudon failed to establish a Fourth Amendment violation, her malicious-prosecution claim must also fail. *See Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003) (explaining that to establish a viable malicious-prosecution claim, a plaintiff must prove both the elements of the common law tort of malicious prosecution and a violation of her Fourth Amendment right to be free from unreasonable seizures).

## III

For the foregoing reasons, we conclude that the district court correctly determined that defendants are entitled to qualified immunity on Jaudon's unreasonable-search and malicious-prosecution claims, and we affirm the district court's grant of summary judgment.

**AFFIRMED.**